IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

GEORGE FRANKLIN LONG,                )
                                     )
                Plaintiff,            )
                                     )
vs.                                   )    Case No. 09-3418-CV-S-ODS
                                     )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                     )
                Defendant.            )

## ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his disability application. The Commissioner's decision is affirmed.

## I. BACKGROUND

Plaintiff is a 69-year-old male retiree with a 12th grade education and a work history since 1960 as a heavy equipment operator. Plaintiff normally operated a bulldozer. Plaintiff suffered a fractured pelvis[1] at work in December 2002 when a double drum roller pinned him against another machine. Plaintiff was hospitalized for about 6 days. An orthopedist assessed Plaintiff's fracture as "stable" during follow-up visits in January and February 2003. Plaintiff was off work due to his injury.

Plaintiff's workers' compensation doctor was Jefferey L. Woodward, M.D. On February 21, 2003, Plaintiff reported to Dr. Woodward "moderate and severe pain in the lumbosacral region," with pain radiating down his left leg. A lumbar epidural steroid

---

[1] Plaintiff's specific injury was "a fracture of the right anterior aspect of the sacrum." The sacrum is "[t]he segment of the vertebral column forming part of the pelvis . . . ." Stedman's Medical Dictionary 1714 (28th ed. 2006).

injection was ineffective in relieving Plaintiff's pain. An MRI of Plaintiff's lumbar spine revealed very mild spinal stenosis[2] at L3-4 due to a combination of severe facet osteoarthritis and minimal broad-based disc bulge, but no "definite focal nerve root compression." Similar observations were noted at L4-5 and L5-S1. Motor and sensory nerve conduction studies and an EMG of the left lower extremity were within normal limits.

Plaintiff reported gradual improvement with strength and function in April 2003 after completing six physical therapy sessions. Plaintiff returned to work on April 22, 2003, performing light duty tasks. Swelling/pain in his left buttocks/hip area and left leg pain remained. Plaintiff saw Dr. Woodward in May 2003 and "continue[d] to report frequent left lumbosacral pain with radiating aching discomfort into the left gluteal/left posterior thigh calf area with aching pain." Dr. Woodward referred Plaintiff for an orthopedic review performed by Robert E. Hufft, M.D. Dr. Hufft noted Plaintiff's fractured pelvis had healed and offered the following assessment/recommendation:

> I, frankly, have nothing further to offer this patient. I think he is reticent to return to work. I see no indication for ongoing additional testing. There is no surgical indication. His pain is probably from his back from degenerative changes. I frankly doubt that his sacral fracture is causing any residual symptoms. Ice and anti-inflammatories.

Hufft's work restrictions were no bending, stooping, prolonged walking or standing, and no lifting anything heavier than 50 pounds.

Plaintiff subsequently was prescribed Celebrex[3] and in June 2003 reported

---

[2] Stenosis is "[a] stricture of any canal or orifice." Stedman's Medical Dictionary 1714 (28th ed. 2006). Narrowing caused by spinal stenosis puts pressure on nerves and the spinal cord and can cause pain.
See http://www.nlm.nih.gov/medlineplus/spinalstenosis.html (last visited on May 5, 2010).

[3] Celebrex is the brand name for Celecoxib, a nonsteroidal anti-inflammatory drug used to treat arthritis and other conditions.
See http://www.nlm.nih.gov/medlineplus/druginfo/meds/a699022.html (last visited May 6, 2010).

notable improvement. According to Dr. Woodward's note,

> Celebrex . . . recently provided very good left lumbosacral pain relief. Patient states that overall he feels much better over the past couple of weeks. Patient has worked daily and gradually doing more of regular work duty. . . . Patient operates heavy equipment for 2 hours, and then has significant lumbar aching pain, which is improved by standing and walking 5 minutes. . . .
>
> Patient again reviewed his improved symptoms indicating that he has felt 100% better in the past couple of weeks.

Plaintiff reported to Dr. Woodward approximately 1 month later that he was experiencing

> severe but temporary pain with heavy equipment operation each day at work. Pain improves with brief episode of stretching and walking. . . . Today, patient states he feels 70% physically recovered from initial injury with restriction of activity due to pain. He does state that his left lumbosacral area has moderate to severe pain frequently.

Dr. Woodward concluded Plaintiff had reached maximum medical improvement and allowed Plaintiff to return to "[f]ull-time modified duty with the following restriction: lift, push, pull 0-50 lbs maximum." Plaintiff later testified that he quit work after 4 months because operating a bulldozer aggravated his back and pelvic area.

Approximately 2 years passed before Plaintiff again sought treatment for his pain. Plaintiff filed his disability application and was seen by Charles J. Ash, M.D., for a consultative examination on September 6, 2005. Dr. Ash diagnosed Plaintiff with a healed pelvis fracture and degenerative arthritis of the lumbar spine and right shoulder. Dr. Ash concluded Plaintiff could stand, walk, and sit 6 hours per regular workday, could lift 50 pounds occasionally and 20 pounds frequently, and had discomfort with prolonged overhead activity with the right shoulder. A contrasting opinion was provided by Jeff Tichenor, P.A., a physician's assistant at White Oaks Medical Clinic. Plaintiff sought treatment at White Oaks in November 2005. Tichenor concluded Plaintiff could only stand and/or walk 2 hours in a workday, could lift only 20 pounds occasionally and

3

10 pounds frequently, experienced limited pushing and/or pulling ability in his lower extremities, and experienced postural limitations in balancing, kneeling, and climbing. Tichenor also noted Plaintiff took ibuprofen for his back pain.

Plaintiff's disability application was denied and he requested a hearing before an administrative law judge (ALJ). A vocational expert (VE) testified that work as a heavy equipment operator was skilled work performed at the medium exertional level with no transferable skills. The VE further testified a hypothetical worker with the ability to lift 50 pounds occasionally and 30 pounds frequently and with right shoulder discomfort with overhead activity would still be able to perform past work as a heavy equipment operator. The ALJ denied Plaintiff's disability application. The ALJ discounted Plaintiff's subjective complaints of disabling pain and relied on the VE's testimony to find Plaintiff could perform his past work. Since Plaintiff could perform his past work as a heavy equipment operator, a finding of disability was precluded.

## II. DISCUSSION

"[R]eview of [the Commissioner's] decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Smith v. Schweiker*, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

Plaintiff testified it was the jarring and vibration of the bulldozer that aggravated

4

his back and pelvic area and caused him to finally quit.[4]  The ALJ discounted Plaintiff's subjective account of disabling pain because there was no medical opinion that found Plaintiff to be disabled and Plaintiff did not take narcotics for his pain.  There were no recent referrals for pain treatment and no physician placed any limitations on Plaintiff's daily activities.  These were valid reasons supporting the ALJ's decision.  *See Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (noting that ALJ should consider absence of objective medical evidence to support complaints in evaluating credibility); *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007) ("'A claimant's allegations of disabling pain may be discredited by evidence that the claimant has received minimal medical treatment and/or has taken only occasional pain medications.'"); *Melton v. Apfel*, 181 F.3d 939, 942 (8th Cir. 1999) (citation omitted) (stating claimant's testimony was undermined by lack of significant restrictions placed on his activities by his doctors).  The Court will defer to the ALJ's credibility determination since he gave good reasons for discounting Plaintiff's credibility.  *See Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (citation omitted) ("'[W]e will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so.'"); *see also* 20 C.F.R. § 404.1529(c)(3); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Plaintiff argues that the ALJ's denial of his claim was inconsistent with the medical evidence.  The VE testified that operating heavy machinery was performed at the medium exertional level.  Plaintiff argues that neither Dr. Hufft's nor Dr. Woodward's opinion "establish[ed] that [he] could perform his past relevant work, or work at the medium level of exertion."  However, the restrictions ordered by both doctors were consistent with the ability to perform medium work.  *See* 20 C.F.R. § 404.1567(c) (stating that medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds").  Dr. Hufft restricted

---

[4] Plaintiff explained that a person needed to be able to climb about 10 feet in the air using the bulldozer's rails to the reach the controls, and that the hydraulic hand and feet controls required about 20 pounds of pressure to manipulate.  Plaintiff did not testify that these aspects of his job caused him to stop working.

5

Plaintiff to lifting less than 50 pounds and no bending, stooping, or prolonged walking or standing. Dr. Woodward restricted Plaintiff from lifting, pushing, and pulling anything more than 50 pounds. The ALJ's determination that Plaintiff could perform his past work as a heavy equipment operator was not inconsistent with these opinions.

Plaintiff next contends reversal or remand is required based on Tichenor's medical source statement. Tichenor was a physician's assistant. A physician's assistant is not an "acceptable medical source[ ]" under 20 C.F.R. § 404.1513(a). A physician's assistant is an "[o]ther source[ ]." 20 C.F.R. § 404.1513(d)(1). Other source evidence must be considered by the ALJ, but may be discounted if it is inconsistent with other evidence in the record. *Lacroix v. Barnhart*, 465 F.3d 881, 886-87 (8th Cir. 2006). The ALJ considered Tichenor's medical source statement and noted its conclusion that Plaintiff "could perform at the light exertional level with no limitations in reaching (including overhead activity)." Tichenor's determination that Plaintiff could only perform light work was inconsistent with other evidence in the record. Plaintiff actually operated heavy machinery for 4 months. Plaintiff stated he finally quit due to jarring and vibration, but he took no narcotics for his pain. No physician found him to be disabled or restricted his daily activities. Dr. Woodward–who examined Plaintiff during his return to work–concluded Plaintiff *could* return to work with a 50-pound restriction. The ALJ considered Tichenor's opinion and had good reasons for giving it little weight in light of other evidence in the record. Reversal or remand is not required.

Plaintiff lastly contends he should have been found disabled under 20 C.F.R. § Pt. 404, Subpt. P, App. 2, Rule 202.06. This rule potentially applies *after* a claimant demonstrates he or she cannot perform past relevant work. *See Walker v. Shalala*, 993 F.2d 630, 632 (8th Cir. 1993). The ALJ's decision that Plaintiff could perform his past work as a heavy equipment operator was supported by substantial evidence. Rule 202.06 did not apply.

### III. CONCLUSION

The ALJ's decision was supported by substantial evidence. The Commissioner's

decision is affirmed.

IT IS SO ORDERED.

DATE: May 12, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT